## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Betty D. Wilkerson <br> _Debtor_ | CHAPTER 13 |
| TOYOTA MOTOR CREDIT CORPORATION <br> _Movant_ <br> vs. | NO. 18-10278 ELF |
| Betty D. Wilkerson <br> _Debtor_ | |
| Eugene Wilkerson    _Co-Debtor_ | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq. <br> _Trustee_ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtors' vehicle is **$6,253.56,** which breaks down as follows;

Post-Petition Payments:     February 12, 2018 to October 12, 2018 at $694.84/month
**Total Post-Petition Arrears**     **$6,253.56**

2. The Debtors shall cure said arrearages in the following manner;

a). Beginning on November 12, 2018 and continuing through April 12, 2019, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$694.84** n the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twelfth (12th) day of each month, plus an installment payment of **$1,042.26** towards the arrearages on or before the last day of each month at the address below;

**TMCC**
P.O. Box 5855
Carol Stream, IL 60197-5855

b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 10, 2018

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 10-31-18

Zachary Perlick, Esquire
Attorney for Debtor

Date:   11/1/18

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank